**COUNCIL FOR the ADVANCEMENT OF the PSYCHOLOGICAL PROFESSIONS AND SCIENCES, INC., et al., Plaintiffs,**

v.

**BLUE CROSS ASSOCIATION et al., Defendants.**

**Civ. A. No. 1623-73.**

United States District Court, District of Columbia.

Nov. 5, 1974.

25. *See* 2 J. Weinstein, H. Korn and A. Miller, New York Civil Practice ¶ 1012.09 (1973).

Joseph L. Nellis, Jeffrey L. Nesvet, Washington, D. C., for plaintiffs.

Barron K. Grier, Washington, D. C., Stanley D. Robinson, New York City, Frederick M. Rowe, Washington, D. C., Thomas G. Corcoran, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

In this antitrust action, five groups of Plaintiffs challenge the "medical referral and supervision" clause contained in the annual contract negotiated between the Defendants United States Civil Service Commission (Commission) and Defendants Blue Cross Association (Blue Cross) and National Association of Blue Shield Plans (Blue Shield) under the Federal Employee Health Benefits Act of 1959, 5 U.S.C. § 8901 et seq. Alleging that the clause violates the Sherman Act, Plaintiffs seek to enjoin inclusion of the clause in any future contracts and treble damages for injuries sustained from enforcement of the provision in the past.

The proceeding is presently before the Court on a Motion to Dismiss filed by Defendants Blue Cross and Blue Shield. After the motion was filed, significant legislation was enacted which substantially affects the relief sought by Plaintiffs and the Defendant United States Government has orally adopted the Motion to Dismiss as it relates to this legislation.

After consideration of extensive memoranda filed by the parties to this action and oral argument upon the Motion to Dismiss, the Court concludes that the legislation and ensuing insurance policy changes moot the injunctive and prospective relief sought by these Plaintiffs. Public Law 93–363, signed into law July 30, 1974, amends Section 8902 of the Federal Employees Health Benefits Act and mandates that the medical referral and supervision clause challenged by this action be stricken from all future contracts under the Act. In accordance with this recent legislation, the new Blue Cross and Blue Shield contract with the Commission effective January 1, 1975, will not include this clause and will provide benefits for covered services rendered by a clinical psychologist without medical referral or supervision. Therefore, the portions of the Amended Complaint which seek injunctive relief must be dismissed.

Reading the remaining portions of the Amended Complaint in a light most favorable to Plaintiffs, the Court concludes that the action for treble damages also must be dismissed. Two Plaintiffs lack the requisite standing to bring a treble damage action and the remaining Plaintiffs are unable to assert injury to trade or business, an essential element to a treble damage claim.

The law is clear that in order to have standing to bring a private action for treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiffs must show a sufficient nexus between the alleged antitrust violation and the injury to their trade or business. Under either the "direct injury" or "target area" test, Plaintiffs Class 1 (Psychologists' Associations) and Class 2 (psychologists as practitioners) fail to allege the nexus required to confer standing, and therefore their claims must be dismissed from this action with prejudice.

Section 4 of the Clayton Act further specifies that private actions for treble damages be brought only by those persons who are injured in "their business or property," 15 U.S.C. § 15. Plaintiffs Class 3 (federal employee subscribers) and the National Association of Government Employees (the union) are unable to allege any such requisite injury. Therefore, their claims must also be dismissed with prejudice.

Plaintiffs' tort claims for the disparagement of and tortious interference

with the entire profession of psychology, over which this Court has only pendant jurisdiction, must also be dismissed.

Upon the above considerations, it is by the Court this 5th day of November, 1974;

Ordered that Plaintiff Council for the Advancement of Psychological Professions and Science (CAPPS) who seek only injunctive relief be dismissed from this action with prejudice; and it is

Further ordered that the portion of the Amended Complaint which seeks injunctive relief for Plaintiffs Class 1, Class 2, Class 3 and the National Association of Government Employees be dismissed with prejudice; and it is

Further ordered that the claim for treble damages be dismissed with prejudice on the grounds that Plaintiffs Class 1 and Class 2 lack the requisite standing and Plaintiffs Class 3 and the Union fail to state a claim upon which relief can be granted; and it is

Further ordered that the remaining portion of the Amended Complaint which seeks damages for tortious disparagement of and interference with the profession of psychology be dismissed for lack of subject matter jurisdiction.